**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LOUIE JOSYTEWA,<br><br>Defendant-Appellant. | No. 19-10416<br><br>D.C. No.<br>3:18-cr-08300-DLR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 1, 2021
Phoenix, Arizona

Before: HAWKINS, BEA, and BUMATAY, Circuit Judges.

Louie Josytewa appeals his conviction for abusive sexual contact with a child and committing an offense as a registered sex offender for molesting seven-year-old K.A. over her clothes at a family party in 2016 ("the 2016 assault"). 18 U.S.C. §§ 1153, 2244(a)(5), 2246, and 2247 (abusive sexual contact with a child);

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

18 U.S.C. § 2260A (offense by registered sex offender). Josytewa argues under Fed. R. Evid. 403 that the district court erred in admitting testimony regarding the details of the sexual conduct that preceded Josytewa's confession to a 1991 sexual assault ("the 1991 assault"), in admitting testimony regarding his status as a sex offender, and by giving the jury an impermissibly coercive *Allen* charge.[1] He asserts that the cumulative effect of these errors deprived him of a fair trial. When the defendant did not object, we review for plain error. *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011). Under this standard, reversal is warranted "only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir. 1989) (citation omitted); *see also United States v. Olano*, 507 U.S. 725, 732 (1993). We affirm.

## A. Challenged Testimony

Josytewa did not object specifically to the level of detail in the testimony by an investigator regarding Josytewa's confession to the 1991 assault, which involved attempted intercourse with a nine-year-old girl at his house. He also did not request sanitation of the testimony, proffer how it should be presented, or offer to stipulate to its admission if sanitized. The Court therefore reviews its admission for plain error. *Rizk*, 660 F.3d at 1132.

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

K.A. testified about the 2016 assault and identified Josytewa as the perpetrator. The Government also played part of Josytewa's confession to that offense, in which he admitted to touching K.A.'s "vagina" because he "[j]ust wanted to touch it," and K.A.'s mother testified to K.A.'s changed behavior immediately after the assault and the fact that at the party she switched couches away from Josytewa. Accordingly, reversal is not "necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *Bryan*, 868 F.2d at 1039. For the same reasons, as well as the fact that Josytewa stipulated to his status as a sex offender before trial, the same is true of the compliance specialist's testimony regarding that status.[2]

## B. The *Allen* Charge

Josytewa asserts that the district judge implied that the jurors were required to reach a verdict when, in the context of discussing scheduling, he asked that if they did not "have a verdict by 4:30 this afternoon, [that they] recess and come back tomorrow at 9:00." Josytewa did not object to these remarks, which the judge made immediately after he told the jurors that they "should not change an honest belief . . . for the mere purpose of returning a verdict."

---

[2] The Government asserts that the parties stipulated to the testimony of one witness in this regard, but there is no evidence of this in the record.

Within minutes, the judge called the jury back to clarify that he "didn't mean to leave the impression that you have to reach a verdict . . . . [I]f you don't reach a verdict, then you'll let us know . . . . [Y]ou're not going to be held here forever." Because of this almost immediate clarification, there is not a high probability that any error materially affected the verdict. *United States v. Berger*, 473 F.3d 1080, 1090–91 (9th Cir. 2007) (finding no coercion when the court took hours to provide an "adequate counterbalance" to the "so-called" *Allen* charge). Moreover, after the challenged remarks, the jury deliberated for a significant portion of its total time—another hour and a half on top of approximately three hours by that point. *United States v. Hernandez*, 105 F.3d 1330, 1334 (9th Cir. 1997) (holding that forty minutes of deliberation after *Allen* charge was "not so short as to raise the specter of coercion," especially because the jury had already deliberated for four and a half hours).

Accordingly, reversal is not warranted for any of the district court's alleged errors. Thus, the decision of the district court is **AFFIRMED.**